**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN P. FINCH, SR.,**

                      **Plaintiff,**

   vs.                                                                                 **8:16-cv-00005**
                                                                     **(MAD/DJS)**

**DONALD MOORE, N.Y.S. Trooper, State**
**Trooper Barracks in Lee, New York;**
**JOSEPH CALLEJA, N.Y.S. Trooper, State Trooper**
**Barracks in Lee, New York,**

                        **Defendants.**
_____

**APPEARANCES:**                                                       **OF COUNSEL:**

**JOHN P. FINCH, SR.**
09-B-1370
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK STATE**                **KEITH J. STARLIN, AAG.**
**ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On January 4, 2016, *pro se* Plaintiff John P. Finch, Sr. ("Plaintiff") commenced the instant action against Defendants Donald Moore and Joseph Calleja (collectively, "Defendants") pursuant to 42 U.S.C. § 1983.  *See* Dkt. No. 1.  Since filing the complaint, Plaintiff has taken no further action to prosecute this case.  Plaintiff has not been receiving any documents mailed to

him at his listed address at Clinton Correctional Facility, nor has Plaintiff notified the Court of any change of address. Currently before the Court is Defendants' motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *See* Dkt. No. 17.

## II. BACKGROUND

Plaintiff filed the complaint on January 4, 2016. *See* Dkt. No. 1. On March 15, 2016, Magistrate Judge Daniel J. Stewart granted Plaintiff's application to proceed *In Forma Pauperis* and ordered that Defendants respond to Plaintiff's complaint after receiving service of process. *See* Dkt. No. 4. On that same day, Judge Stewart issued a Filing Order scheduling an initial conference and ordering that a Civil Case Management Plan be completed and filed by June 7, 2016. *See* Dkt. No. 5. The Court attempted to mail copies of those orders to Plaintiff's listed address at Clinton Correctional Facility, but the mail was returned as undeliverable on March 21, 2016. *See* Dkt. No. 7.

On April 22, 2016, Defendants filed an answer and attempted to serve the answer upon Plaintiff by regular mail at Plaintiff's listed address. *See* Dkt. No. 13; Dkt. No. 17-4. On May 2, 2016, the answer was returned to Defendants' counsel with a sticker affixed thereto that read "Return to Sender – Attempted - Not Known – Unable to Forward." Dkt. No. 17-1 ¶ 12; Dkt. No. 17-5. On May 9, 2016, Judge Stewart issued a Text Order and a Pretrial Scheduling Order. *See* Dkt. Nos. 14, 15. Again, the Court attempted to mail copies of those orders to Plaintiff, but the mail was returned as undeliverable on May 20, 2016. *See* Dkt. No. 16.

On October 5, 2016, Defendants filed a motion to dismiss for failure to prosecute. *See* Dkt. No. 17. Defendants attempted to serve the motion and related papers on Plaintiff by mail on that same day, but those papers were returned to Defendants on October 11, 2016 with a "Return to Sender" stamp on the envelope. *See* Dkt. No. 18. On October 14, 2016, the Court issued a

Text Order notifying Plaintiff that the Court would decide Defendants' unopposed motion to dismiss if Plaintiff failed to provide the Court with his current address. *See* Dkt. No. 19. The Court attempted to mail a copy of this Text Order to Plaintiff, but the mail was returned as undeliverable on October 27, 2016. *See* Dkt. No. 21.

In a declaration submitted by Defendants' attorney, Keith J. Starlin, Mr. Starlin claims that, according to the New York State Department of Corrections and Community Supervision ("DOCCS") inmate information database, Plaintiff was released from DOCCS's custody on February 25, 2016. *See* Dkt. No. 17-1 ¶¶ 16-17. Since Plaintiff's release, Plaintiff has failed to notify the Court or Defendants of his current address or any contact information indicating how he can be reached.

### III. DISCUSSION

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Courts balance the following factors when determining whether dismissal is appropriate under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*U.S. ex rel Roundtree v. Health & Hosps. Police Dep't of N.Y.*, No. 06 Civ. 212, 2007 WL 1428428, \*1 (S.D.N.Y. May 14, 2007) (footnote omitted). "A district court need not exhaustively discuss the above factors on the record in order to be affirmed on appeal. However, 'notions of

3

simple fairness suggest that a pro se litigant should receive an explanation before his or her suit is thrown out of court.'" *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

In the present matter, Plaintiff has failed to notify the Court of his change in address. Plaintiff filed the complaint well over a year ago, and since then, Plaintiff has not responded or participated in any activity related to this litigation. In Judge Stewart's Order dated March 15, 2016, Judge Stewart warned Plaintiff that the failure to notify the Clerk's Office and all parties of any change in his address "will result in the dismissal of this action." Dkt. No. 4 at 4 (emphasis omitted). Likewise, in a Text Order dated October 14, 2016, the Court warned Plaintiff that it would decide Defendants' unopposed motion to dismiss if Plaintiff did not provide the Court with his current address. *See* Dkt. No. 19.

Courts have dismissed cases for failure to prosecute in similar situations as the one presented here. *See, e.g.*, *Roundtree*, 2007 WL 1428428, at *2 ("[A] lawsuit cannot continue where the plaintiff fails to disclose his new address to his adversary and to the Court. This is especially true where, as here, plaintiff has had no contact with the Court or his adversary for a significant period of time. Accordingly, for the foregoing reasons, this case is dismissed . . . ."); *Torres v. Goord*, No. 9:06-CV-750, 2007 WL 1299183, *3 (N.D.N.Y. May 1, 2007) ("Without an updated address from plaintiff there is no way to contact him or to consider any sanctions other than dismissal. It appears that plaintiff has simply abandoned his action. Although plaintiff certainly has a right to have his day in court, he does not appear to be interested in that right based on his failure to notify the court of his address."). Here, Plaintiff has failed to take any action with respect to this case for a considerable length of time, and Defendants continue to be prejudiced by Plaintiff's failure to respond in any way to the Court's directives. Defendants have obviously not been able to engage in any kind of discovery or even attend an initial conference.

After Plaintiff was released from custody, Plaintiff seemingly has had no interest in prosecuting this case.

The mere fact that Plaintiff did not receive a copy of the various orders from the Court does not save his case from dismissal. *See Roundtree*, 2007 WL 1428428, at *2 (citing *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 443 (W.D.N.Y. 1997)). Likewise, Plaintiff's status as a *pro se* litigant does not save his case from dismissal. *See id.* (citing *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)). As courts have stated, "[t]he demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Torres*, 2007 WL 1299183, at *2 (quotation and emphasis omitted). Plaintiff has failed to meet this obvious minimal requirement.

Since the Court has no way to contact Plaintiff and since Plaintiff appears to have abandoned this action entirely, Defendants' motion to dismiss is granted, and Plaintiff's complaint is dismissed.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 17) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 6, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge